UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **ED CV 23-2005-JFW(KKx)** | Date: November 6, 2023 |
| Title: | John CL Doe -v- Corporation of the President of The Church of Jesus Christ of Latter-day Saints, et al. | |

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

      Pursuant to Federal Rule of Civil Procedure 10, the title of a complaint must set out the names of all parties to the action.  Fed. R. Civ. P. 10(a).  Federal Rule of Civil Procedure 17(a)(1) requires that an "action must be prosecuted in the name of the real party in interest."  In addition, the Central District's Local Rules require parties to list, on the first page of all documents, the "names of the parties."  L.R. 11-3.8(d).  "The normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010).  "[W]hen special circumstances justify secrecy," a party may be permitted to proceed anonymously or use a pseudonym.  *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  However, a party must obtain leave from the court in order to proceed under a fictitious name.  *See American-Arab Anti-Discrimination Comm. v. Ridge*, 2003 U.S. Dist. LEXIS 25100, at *23 (C.D. Cal. Nov. 5, 2003).

      In this case, the Complaint does not provide the plaintiff's name.  Instead, the Complaint identifies the plaintiff as "John CL Doe" and the plaintiff's guardian ad litem as "John IL Doe."  Plaintiff has not sought leave from this Court to proceed in this action under a pseudonym.

      Accordingly, the Court orders Plaintiff to show cause in writing no later than November 9, 2023, why the Complaint should not be dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 10, 17, and Local Rule 11-3.8.  *See Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981) ("This court has both the duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases").  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If Plaintiff files an amended complaint which lists the true

names of Plaintiff and Plaintiff's guardian ad litem on or before November 9, 2023, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action.

    IT IS SO ORDERED.